IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Earl O. Graham, Sr., | ) | C/A No . 0:14-4046-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Ronaldo Myers; Lilly Randolph, *MD*; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C.

§ 1983. On May 13, 2015, Defendant Randolph filed a motion for summary judgment.[1]  (ECF No.

42 .)  By order of this court filed May 14, 2015, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th

Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the

possible consequences if he failed to respond adequately.  (ECF No. 44.)  This order, which was

mailed to the plaintiff, was returned to the Clerk of Court on June 4, 2015, as undeliverable by the

United States Postal Service.  The envelope states that the plaintiff is no longer at this address and

was released on April 13, 2015.  (<u>See</u> ECF No. 57.)

On May 27, 2015, Defendant Myers filed a motion for summary judgment and Defendant

Randolph filed an amended motion for summary judgment.  (ECF Nos. 51 & 52 .)  By order of this

court filed May 28, 2015, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the

plaintiff was again advised of the dismissal and summary judgment procedures and the possible

_____

[1] This motion for summary judgment was filed by Lilly Randolph and Diane Simpkins-
Kimble; however, Graham later moved and was granted leave to voluntarily dismiss Simpkins-
Kimble from this matter.  (<u>See</u> Order, ECF No. 46.)



consequences if he failed to respond adequately. (ECF No. 53.) This order was also returned to the Clerk of Court as undeliverable by the United States Postal Service. (See ECF No. 60.)

The court notes that when the plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order**. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address . . . . Your failure to do so will not be excused by the court.

(Order, ECF No. 8 at 2-3) (emphasis in original). The plaintiff has failed to comply with this order, and as a result neither the court nor the defendants have any means of contacting him concerning his case.

## RECOMMENDATION

Based on the foregoing and the previous instructions and specific warning given to the plaintiff in the court's October 23, 2014 order, it is recommended that this action be dismissed with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b). The Clerk of Court is directed to send this Report and Recommendation to the plaintiff at his last known address.



If the plaintiff notifies the court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to return this file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the assigned District Judge for disposition.

In light of the court's recommendation, the court further recommends that any pending motions (ECF Nos. 42, 51, & 52) be terminated.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 14, 2015
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

Page 3 of 4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).